UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANUEL ANEIRO MAYEA,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-08359 (VC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 3

Petitioner Manuel Aneiro Mayea has filed a second petition for a writ of habeas corpus before this Court. He also seeks a temporary restraining order. Dkt. Nos.1, 3. In 2023, he was arrested by U.S. Immigration and Customs Enforcement ("ICE") and placed in removal proceedings following several domestic violence-related convictions. *Aneiro v. Warden of the Cent. Valley Annex*, No. 1:26-CV-06252 (VC), 2026 WL 2766946, at *1 (E.D. Cal. Sept. 17, 2026). ICE released Petitioner on his own recognizance shortly thereafter. *Id*. He was re-detained in February 2026 following a conviction for assault and battery. *Id*.

Petitioner previously filed a habeas petition arguing that his re-detention violated his right to due process under the Fifth Amendment. *See Aneiro v. Warden of the Cent. Valley Annex*, No. 1:26-CV-06252 (VC), Dkt. No. 1. The Court granted the petition in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and ordering that he receive a bond hearing at which the Government bore the burden of showing, by clear and convincing evidence, that Petitioner was either a danger to the community or a flight risk. *Aneiro*, 2026 WL 2766946, at *2. Petitioner received a bond hearing on September 24, 2026. *See* Dkt. No. 11-1. After that hearing, an immigration judge denied Petitioner's request for release, finding that Petitioner was a danger to the community based on his lengthy (and growing) criminal history. *Id*. at 2. On

October 2, 2026, Petitioner signed the petition now before the Court. *See* Dkt. No. 1 at 18. In this petition, he argues that his continued detention has become unconstitutionally prolonged, in violation of his due process rights. *See id.* at 8–13.

Respondents oppose relief, arguing first that the petition should be denied under the abuse of the writ doctrine. Dkt. No. 11 at 2. They further argue that Petitioner has not made a showing that his detention has become unconstitutionally prolonged. *Id*. at 3.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States District Court*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). However, the Government must first plead abuse of the writ "with clarity and particularity," at which point the burden then shifts to the petitioner to disprove abuse. *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991). Respondents have not met that burden. Their opposition does not identify any claims in the present Petition that were previously decided or could have been raised in Petitioner's first petition. In addition, the first petition could not have raised a prolonged detention claim given that it requires the passage of time.

Turning to the prolonged detention claim, Respondents concede Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See Aneiro*, 2026 WL 2766946, at *1. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on duration, the detention cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the Government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified).

Here, although Petitioner's detention has surpassed eight months, which is longer than the six-month period the Supreme Court found presumptively reasonable in *Zadvydas v. Davis*, he has not provided good reason to believe that his current detention is not reasonably necessary

to bring about his removal. *See Z.Z. v. On Habeas Corpus*, No. 1:26-CV-05908-MWJS, 2026 WL 2234648 (E.D. Cal. Aug. 3, 2026) (finding seven months of detention not unconstitutionally prolonged); *Franklin A.U. v. Warden*, No. 1:26-CV-07567-MWJS, 2026 WL 3011415, at *3 (E.D. Cal. Oct. 7, 2026) (similar); *see also Prieto-Romero*, 534 F.3d at 1065 (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite"). Further, Petitioner's continued detention was recently assessed by the immigration court, which found that detention was necessary based on the danger Petitioner poses to the community. In light of the process Petitioner recently received, and given his failure to show that his detention is not reasonably necessary to bring about his removal, he is not entitled to further relief at this time.

The court therefore DENIES the petition without prejudice. Any outstanding motions are DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

**IT IS SO ORDERED.**

Dated: October 21, 2026

VINCE CHHABRIA
United States District Judge